# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

TIMOTHY DEMITRI BROWN,                    CASE NO.   1:11-CV-1520-LJO-MJS

    Plaintiff,

  v.                                       **INFORMATIONAL ORDER**

SUSAN LYNN BURY,

    Defendants.
_____/

Parties to this litigation shall take note of the following requirements:

In litigating this action, the parties must comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court, Eastern District of California ("Local Rules").  This Order highlights specific rules of which the parties should take particular note.  **Failure to comply with the Local Rules, federal rules, or a court order, including this order, will be grounds for dismissal, entry of default, or other appropriate sanctions.**  See Local Rule 110; Fed. R. Civ. P. 41(b).

1.  Documents intended to be filed with the Court must be mailed to the Clerk of the Court.  See Local Rule 134(a).  **All documents improperly mailed to a judge's**

**chambers will be stricken from the record.**[1]  A document requesting a Court order must be styled as a motion.  See Fed. R. Civ. P. 7.

2.  Each document submitted for filing must include the original signature of the filing party or parties.  Local Rule 131; Fed. R. Civ. P. 11(a).  **All documents submitted without the required signature(s) will be stricken.**  Each separate document must be separately stapled.  See Local Rule 130.  If a document is stapled behind another document, it will not be filed and will not be entered on this Court's docket.

3.  All documents filed with the Court must be submitted with an additional legible conformed copy for the Court's use.  See Local Rule 133(d)(2).  **A document submitted without an extra copy for the Court's use will be stricken.**  If the filing party wishes the Court to return a file-stamped copy, he or she must include yet another copy for that purpose (i.e., submit an original and two copies, one for the Court's use and one to be returned).  **The Court cannot provide copy or mailing service for a party**, even for an indigent plaintiff proceeding in forma pauperis.  Therefore, if the filing party wishes a file-stamped copy returned, the party must provide an envelope with adequate postage pre-paid.  Copies of documents from the Court file may be obtained at the cost of 50 cents per page.

4.  Once any defendant has appeared in an action by filing an answer, a motion to dismiss, or other pleading responsive to the complaint, all documents filed with the Court must include a certificate of service stating that a copy of the document was served on the opposing party.  See Fed. R. Civ. P. 5; Local Rule 135(c).  **A document submitted without the required proof of service will be stricken**.  Where a party is represented,

---

[1] When a document is stricken, it becomes a nullity and is not considered by the Court for any purposes.

service on the party's attorney of record constitutes effective service.  (A sample of a proper proof of service is attached here.)

5. All filings must bear the file number assigned to the action, followed by the initials of the District Court Judge and the Magistrate Judge to whom the case is assigned. Where a plaintiff simultaneously pursues more than one action, he or she must file separate original documents and the appropriate number of copies in each action to which the document pertains.  **Documents listing more than one case number in the caption will be stricken.**

6. The Court cannot serve as a repository for the parties' evidence. The parties may not file evidence with the Court until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the Court).  **Evidence improperly submitted to the Court will be stricken and returned to the party.**

7. All Court deadlines will be strictly enforced.  Requests for time extensions must state the reason the extension is needed and must be filed with the Court **before** the deadline in question.  See Local Rule 144.

8. A plaintiff proceeding in propria persona has a duty to keep the Court and opposing parties informed of his or her current address.  If a plaintiff moves and fails to file a notice of change of address, service of Court orders at plaintiff's prior address shall constitute effective notice.  See Local Rule 182(f).  If mail directed to plaintiff is returned by the U.S. Postal Service as undeliverable, the Court will not attempt to remail it.  **If the address is not updated within 63 days of the mail being returned, the action will be dismissed for failure to prosecute**.  See Local Rule 183(b).

9. Due to the press of business, the Court cannot respond to individual questions about the status of cases. Any such requests will be denied. So long as the parties inform the Court of all address changes in compliance with Local Rule 183(b), the Court will notify the parties of any Court action taken in their case.

10. Defendants must reply to the complaint within the time provided by the applicable provisions of Fed. R. Civ. P. 12(a).

11. Unless otherwise ordered, all motions to dismiss, motions for summary judgment, motions concerning discovery, motions pursuant to Fed. R. Civ. P. 7, 11, 12, 15, 41, 55, 56, 59 and 60, and motions pursuant to Local Rule 110 shall be briefed pursuant to Local Rule 230. Failure to oppose such a motion timely may be deemed a waiver of opposition to the motion.

12. At some point in the litigation, one or more Defendants may move for summary judgment as to some or all of Plaintiff's claims. Pursuant to <u>Klingele v. Eikenberry</u>, 849 F.2d 409 (9th Cir. 1988), Plaintiff is advised of the following requirements for opposing a motion for summary judgment made by Defendants pursuant to Fed. R. Civ. P. 56: such a motion is Defendant's request for judgment against Plaintiff, without trial, on some or all of Plaintiff's claims. <u>See</u> Fed. R. Civ. P. 56(b). Defendant(s)' motion will set forth facts which Defendant(s) contend are not reasonably disputed and that entitle Defendant(s) to judgment as a matter of law. <u>See</u> Fed. R. Civ. P. 56(c).

Plaintiff has the right to oppose a motion for summary judgment. To oppose the motion, Plaintiff must show proof of his or her claims. Plaintiff may agree with the facts set forth in Defendant(s)' motion but argue that Defendant(s) are not entitled to judgment as a matter of law. On the other hand, Plaintiff may show Defendant(s)' facts are disputed in

one or more of the following ways: (1) Plaintiff may rely upon statements made under penalty of perjury in the complaint if the complaint shows that Plaintiff has personal knowledge of the matters stated and if Plaintiff calls to the Court's attention those parts of the complaint upon which Plaintiff relies; (2) Plaintiff may also serve and file affidavits or declarations[2] setting forth the facts which Plaintiff believes prove Plaintiff's claims (the person who signs the affidavit or declaration must have personal knowledge of the facts stated); (3) Plaintiff may also rely upon written records, but Plaintiff must prove that the records are what Plaintiff claims they are;[3] (4) Plaintiff may also rely upon all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding. Should Plaintiff fail to contradict Defendant(s)' motion with affidavits, declarations, or other evidence, Defendant(s)' evidence will be taken as truth, and final judgment may be entered without a full trial. See Fed. R. Civ. P. 56(e).

If there is some good reason why such facts are not available to Plaintiff when required to oppose such a motion, the Court will consider a request to postpone considering Defendant(s)' motion. See Fed. R. Civ. P. 56(f). If Plaintiff does not serve and file a request to postpone consideration of Defendant(s)' motion or serve and file a written opposition to the motion, the Court may consider Plaintiff's failure to act as a waiver of opposition to Defendant(s)' motion. Plaintiff's waiver of opposition to Defendant(s)' motion may result in the entry of summary judgment against Plaintiff.

---

[2] An affidavit is a written declaration or statement of facts, made voluntarily, and confirmed by the oath or affirmation of the party making it, taken before an officer having authority to administer such oath. An unsworn declaration has the same effect as an affidavit, provided that it is dated and signed under penalty of perjury, as follows: "I declare under penalty of perjury that the foregoing is true and correct." 28 U.S.C. § 1746. Affidavits and declarations must be made on personal knowledge and must set forth facts as would be admissible in evidence. See Fed. R. Civ. P. 56(e).

[3] Sworn or certified copies of all papers referred to in an affidavit must be attached to the affidavit and served on the opposing party. Fed. R. Civ. P. 56(e).

13. A motion supported by unsigned and/or unsworn affidavits or declarations will be stricken.

14. The failure of any party to comply with this order, the Federal Rules of Civil Procedure, or the Local Rules of Court, may result in the imposition of sanctions including, but not limited to, dismissal of the action or entry of default.

IT IS SO ORDERED.

Dated:    September 26, 2011      /s/ *Michael J. Seng*
                                              UNITED STATES MAGISTRATE JUDGE