# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY DEMITRI BROWN, | CASE NO.   1:11-cv-01520-LJO-MJS |
| Plaintiff, | ORDER DISMISSING, WITH LEAVE TO AMEND, PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM WITHIN THE JURISDICTION OF THIS COURT |
| v. | |
| SUSAN LYNN BURY, | (ECF No. 1) |
| Defendant. | ORDER DENYING MOTION TO SERVE DEFENDANT |
| / | (ECF No. 6) |

## I.   PROCEDURAL HISTORY

On September 8, 2011, Plaintiff Timothy Demitri Brown, a federal prisoner proceeding pro se and in forma pauperis, initiated this civil action against Defendant Susan Lynn Bury. (Compl., ECF No. 1.) In his Complaint, Plaintiff seeks $2,330,000.00 in monetary damages and related relief for Defendant's alleged breaches of contracts and deceit. Plaintiff asserts that the amount in controversy and diversity of citizenship between Plaintiff and Defendant give this Court jurisdiction. He alleges further that venue is proper in the Eastern District of California because Defendant resides and owns property within this district. (Id.)

Defendant has not yet appeared in the action.

Plaintiff's Complaint is now before the Court for screening.

## II. SCREENING REQUIREMENT

The Court is required to screen all complaints brought by plaintiffs proceeding in forma pauperis. 28 U.S.C. § 1915(e)(2); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001). The Court must dismiss a complaint or portion thereof if the action has raised claims that are legally "frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

## III. PLAINTIFF'S CLAIMS

Plaintiff's Complaint names only Susan Lynn Bury as a defendant.

Though currently incarcerated in the Florence Colorado federal correctional facility, Plaintiff alleges that he is a citizen of Louisiana and that Defendant is a resident of California, thus giving this Court diversity jurisdiction under 28 U.S.C. §§ 1332 and 1367. (Compl. at 1-2.)

Substantively, Plaintiff alleges as follows:

In November 2009, he contracted with Defendant to have her open an E-Trade account and trade stocks in his behalf. He provided her with $5000.00 cash for this purpose. Defendant represented she was qualified and experienced in providing such services and advised Plaintiff that she was in fact providing those services successfully for

1  him. (Id. at pp. 2-3)

2  Further in reliance upon Defendant's representations, Plaintiff provided Defendant
3  with a diagram of his Solar Powered Water Maker invention so that she could undertake
4  to trademark its name and seek a design patent for it. (Id.)

5  In truth, Defendant never undertook to fulfill her obligations as set forth above. She
6  ultimately acknowledged as much and apologized for her acts and returned to Plaintiff
7  $2000.00 of his $5000.00. Plaintiff believes Defendant sold his invention to others. She
8  also promised all of her real and personal property as compensation to Plaintiff for the
9  losses she had caused him, but failed to effectuate the pledge. (Id. at pp. 3-4.)

10  Plaintiff claims that as a result of defendant's breaches and misrepresentations, he
11  has suffered an estimated $827,000 in lost earnings on his E-Trade account, an estimated
12  $1,000,000.00 loss on his Water Maker invention, $3000.00 cash not returned, and mental
13  and emotional distress damages. His prayer seeks $2,330,000.00 damages and also
14  asks that Defendant's property be seized and sold to satisfy his claims. (Id. at pp. 4-6.)

15  **IV.    ANALYSIS**

16  **A.    General Deficiencies**

17  There are several deficiencies in Plaintiff's Complaint.

18  First, to the extent Plaintiff seeks to allege breaches of contracts, he has not pled
19  the elements necessary to create an enforceable contract. A valid contract requires
20  consideration; a claim for breach must allege that consideration was given for Defendant's
21  performance. Cal. Civil Jury Ins. 302; Cal. Civil Code § 1550; Ashcroft v. Iqbal, 129 S.Ct.
22  at 1949 ("A pleading that offers... a formulaic recitation of the elements of a cause of action
23  will not do.) (Citations omitted.) He has not alleged that he provided or promised any
24  consideration to Defendant in return for her undertaking stock trades in his behalf or for
25  trademarking and patenting his invention. He has not alleged whether the contracts were
26  written or oral. He has not alleged what the contracts provided as to when they were to be
27  performed. Cal. Civil Jury Ins. 302 (Plaintiff must prove "[t]hat the contract terms were clear
28  enough that the parties could understand what each was required to do.") As to the stock

-3-

trade agreement, the Complaint does not reveal how and by whom performance was to be determined.

To the extent Plaintiff wishes to allege a fraud or misrepresentation, the essential elements of such a claim are: knowing misrepresentation by false statement or concealment of truth, an intent by defendant to induce Plaintiff to act or refrain from acting in reliance on the misrepresentation, plaintiff's justifiable reliance on the misrepresentation, and resulting damages. Cal. Civil Jury Ins. 1900; Cal. Civil Code §§ 1572, 1709, 1710. Plaintiff's pleading focuses on his actions and what he asked and expected Defendant to do for him.  Other than his claim that Defendant falsely asserted she was working on his E-Trade account, he does not allege specific misrepresentation by her as to what she would do.

To the extent Plaintiff seeks to foreclose on a security interest in Defendant's real or personal property, he has not alleged the existence of a valid, enforceable security interest nor that he has complied with notice and other requirements of California law regarding obtaining, recording, and foreclosing on same. He simply represents that Defendant promised him security in her property and he attaches to his filings an unsigned "Self-Executing Financing Contract."  Nothing therein suffices to establish a security interest under California law much less one that could be foreclosed upon.

**B.     Jurisdictional Deficiency**

**1.     Jurisdictional Minimum**

Federal courts are courts of limited jurisdiction. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 380-81 (1994). Generally, federal jurisdiction may be invoked if a civil action arises under the Constitution, laws, or treaties of the United States, see 28 U.S.C. § 1331, or if there is complete diversity between the parties and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332. It is presumed that a cause lies outside this limited scope, and the burden of establishing the contrary rests upon the party asserting federal jurisdiction. Kokkonen, 511 U.S. at 377; Vacek v. United States Postal Serv., 447 F.3d 1248, 1250 (9th Cir. 2006). "If the court determines at any time that it lacks

subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Plaintiff does not purport to state a claim based on federal law. His suit is founded in contract, tort, or other state law. Such state law claims can proceed in federal court only if Plaintiff properly alleges diversity jurisdiction. "Section 1332 of Title 28 confers jurisdiction on federal courts where there is diversity of citizenship between plaintiffs and defendants. Diversity jurisdiction requires complete diversity between the parties--each defendant must be a citizen of a different state from each plaintiff." Diaz v. Davis (In re Digimarc Corp. Derivative Litig.), 549 F.3d 1223, 1234 (9th Cir. 2008) (citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 267, 2 L. Ed. 435 (1806)). Plaintiff has properly alleged diversity of citizenship by alleging that he is a citizen of Louisiana and Defendant a citizen of California. (Compl., p. 2)

However, even where, as here, there is geographic diversity between the parties, Plaintiff must also claim damages that exceed $75,000.00 in order properly to invoke the jurisdiction of this Court. 28 U.S.C. §1332(a). Here, Plaintiff asserts that he has suffered $2,330,000.00 in damages as a result of Defendant's wrongful acts. However, bare unsupported assertions as to the amount in controversy will not satisfy the jurisdictional requirement. "While a federal court must of course give due credit to the good faith claims of the plaintiff, a court would be remiss in its obligations if it accepted every claim of damages at face value, no matter how trivial the underlying injury." Diefenthal v. Civil Aeronautics Bd., 681 F.2d 1039, 1052 (5th Cir. 1982); see also Christensen v. Northwest Airlines, Inc., 633 F.2d 529 (9th Cir. 1980) (affirming dismissal on ground that injury was too small to establish requisite amount of damages); Anthony v.Security Pac. Fin. Serv. Inc., 75 F.3d 311, 318 (7th Cir. 1996); Surber v. Reliance Nat'l Indem. Co., 110 F. Supp. 2d 1227, 1231 (N.D. Cal. 2000).

**2.  Damages Claimed**

Plaintiff describes his actual damages as consisting of the unreturned $3000 portion of the $5000 he paid for services that should have been, but were not, performed by Defendant, $827,000 in earnings lost on the E-Trade account, and $1,000,000 as the loss

-5-

of his intellectual property. Those total $1,830,000. Plaintiff also seeks damages to compensate him for "mental and emotional anguish". (Compl., pp.4-5.) It may be that Plaintiff alleges $500,000 in damages for mental and emotional anguish to bring the total damages claimed to the $2,330,000 Plaintiff lists in the "Relief Requested" section of his Complaint. (Id. at p. 5.)

### 3. Analysis of Damages

Plaintiff alleges an out-of-pocket loss amounting to the $3000 difference between the $5000 he sent to Defendant and the $2000 she returned. Arguably he also would be entitled to the value of the lost use of the full $5000 during the period Defendant held it pursuant to the alleged contract and to the value of lost use of the $3000 balance until such time as it is repaid. The period of lost use is not set out in the Complaint. However, the longest period the $5000 could have been held would have been from the November 2009 contract date until the day before Plaintiff filed his complaint on September 8, 2011, a period of possibly a few days more than twenty two months. Loss of use of money is measured by the interest rate. See Cal. Civil Code § 3287(a). In California, the prejudgement interest rate is 10% per year. Cal. Civil Code § 3289. Using that rate, the value of Plaintiff's lost use of the $5000 would total no more than $917 ($5000 X 10% X 1 10/12 years). The value of the lost use of the unreturned $3000 from September 8, 2011, until the present would be equal to $3000 X 10% X 4/12 year, or approximately $100. Thus, even considering as actual damages Plaintiff's loss of use of the funds delivered to and held by Defendant, his total loss would be $4,017.

One explanation for Plaintiff's substantially higher damage claim may be a belief on his part that if Defendant had followed his instructions his $5000 stock market investment would have produced $827,000 in earnings in less than two years. Such a return is beyond the realm of the possible. Inasmuch as the time period at issue coincides with what most consider the worst recessionary periods in modern times, such a claim is utterly fantastic and not worthy of analysis. A return of 7% per annum during this period would have been quite impressive. It is a generous rate to use to measure the lost use of

1 Plaintiff's investment money. The Court will not allow this case to proceed on the basis of
2 Plaintiff's unsupported claim of a fantastically higher rate of return.

3 It also appears Plaintiff is claiming his invention would have produced a $1,000,000
4 profit if only Defendant had trademarked its name and patented it.  Such a generously
5 speculative claim can not be credited in determining whether Plaintiff satisfies the
6 jurisdictional requirements of this Court. The Court does not doubt that Plaintiff has
7 confidence in his invention and is optimistic about its potential, but nothing in the pleadings
8 would allow the Court to share in that confidence and optimism to the extent of finding the
9 jurisdictional minimum met here. Moreover, there is no basis for concluding that the
10 invention and its value have been lost or even damaged. Plaintiff alleges only that
11 Defendant did not trademark or patent it (suggesting that Plaintiff may remain capable of
12 doing so himself).  He does allege that he "believes" Defendant sold it, but the phrasing of
13 that claim suggests that it is mere speculation; even if it were pled as fact, there would be
14 no basis for an allegation that it was worth or sold for an amount sufficient to trigger the
15 jurisdiction of this court.

16 Finally, it is conceivable that Plaintiff seeks or may intend to seek recovery of
17 punitive damages to punish Defendant for her alleged wrongdoing.  Such damages may
18 be awarded in a proper case for fraud. See Cal. Civil Code § 3924. However, a bare claim
19 to such an amount of punitive damages does not suffice to meet the jurisdictional minimum
20 and will not do so here. "When a claim for punitive damages makes up the bulk of
21 the amount in controversy, and may even have been colorably asserted solely to confer
22 jurisdiction, we should scrutinize that claim closely." Anthony v. Security Pac. Fin. Servs.,
23 75 F.3d 311, 315 (7th Cir. 1996).  Moreover, the California Supreme Court has set
24 guidelines governing the award of punitive damages in California.  In Simon v. San Paolo
25 U.S. Holding Co., Inc., 35 Cal.4th 1159, 1166, 29 Cal.Rptr.3d 379, 113 P.3d 63 (2005),
26 a fairly recent fraud case, the plaintiff successfully sued a defendant for promissory fraud
27 when the defendant refused to complete his obligations under an agreement with Plaintiff.
28 The jury awarded plaintiff $5,000.00 in compensatory damages and $1.7 million in punitive

damages. Id. The California Supreme Court determined (1) the award of punitive damages exceeded the federal due process limitations set forth in BMW and State Farm, (2) appellate courts must conduct an independent review when assessing excessiveness under the federal due process clause, and (3) the maximum award constitutionally permissible was $50,000, which reflected a 10 to 1 ratio between punitive and compensatory damages. Simon, 35 Cal.4th at 1187-1188, 1189. BMW of North America, Inc. v. Gore, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996); State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003). In Johnson v. Ford Motor Co., 35 Cal.4th 1191, 29 Cal. Rptr. 3d 401, 113 P.3d 82 (2005), the California Supreme Court reversed the reduction of a punitive damage award to three times the compensatory award based on its determination that the lower court may have misapplied two of the guideposts from BMW and State Farm and may have undervalued the state's interest in punishing and deterring wrongful corporate practice. Johnson, 35 Cal.4th at 1213. On remand, the lower court determined that punitive damages of $175,000, or just less than 10 times the compensatory award, was sufficient to vindicate California's legitimate interest in punishing the misconduct and deterring its repetition. Johnson v. Ford Motor Co., 135 Cal.App.4th 137, 150, 37 Cal. Rptr. 3d 283 (2005).

As the court in Simon explained,

> Though one court has referred to a 9-to-1 ratio as the constitutional trigger point (McClain v. Metabolife International, Inc. (N.D. Ala. 2003) 259 F.Supp.2d 1225, 1231), one could also argue a "single-digit" ratio includes anything less than 10 to 1. (See Hollock v. Erie Insurance Exchange (Pa. 2004) 2004 PA Super 13, 842 A.2d 409, 422 [10-to-1 ratio "just barely exceeds" single-digit level].) The question is of little or no importance, however, as the presumption of unconstitutionality applies only to awards exceeding the single-digit level "to a significant degree." (State Farm, supra, 538 U.S. at p. 425, 123 S.Ct. 1513.)

Simon, 35 Cal.4th at 1182 n.7. Thus, a ratio of more than 10 to one between punitive and compensatory damages is presumed constitutionally excessive in California. Id.

As noted, taking the facts of his Complaint in the light most realistically favorable to Plaintiff, his actual damages would not be expected to exceed $4017. Even if Plaintiff were awarded punitive damages at a 10 to 1 ratio, his total damages would amount to far less

than the $75,000 pleading minimum. Accordingly, the Court finds that Plaintiff's claim is not supported by the factual evidence and should be dismissed for lack of subject matter jurisdiction. Lopez, 203 F.3d at 1129.

It is difficult to imagine how Plaintiff might possibly cure the deficiencies herein and properly plead a claim sufficient to satisfy the jurisdictional minimums of this Court. At most, his complaint asserts he was defrauded out of some $3000 and is entitled to recover that amount, the value of its lost use, and conceivably some non-contractual damages as well. For the reasons noted, nothing pled here would support a damage claim in excess of $75,000 and the allegations presented suggest nothing further along those lines can be pled.

Under Ninth Circuit case law, district courts are required to grant leave to amend only if a complaint can potentially be saved. See Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000). Though skeptical, the Court can not at this entirely rule out the possibility that Plaintiff could state a cognizable claim. Accordingly, the Court will give him one opportunity to amend and attempt to state a proper claim. To do so he would have to, in addition to correcting the deficiencies noted above, allege and identify for the Court specific and confirmable facts supporting such a claim by, for example, identifying a specific stock or group of stocks that he instructed Defendant to purchase for him and which did in fact produce the return claimed. Alternatively, he could allege and identify for the Court an individual or entity who was ready, willing and able to pay Plaintiff for his invention but who declined to do so because of Defendant's actions. Given the limited amount of his out-of-pocket losses and the difficulty in trying to reach the jurisdiction of this Court, Plaintiff likely would be much better off redirecting his energies toward bringing his action in California state court where there is no $75,000 jurisdictional minimum.

**V.    MOTION FOR ORDER TO SERVE DEFENDANT**

On January 3, 2011, Plaintiff filed a motion titled "Motion to Order United States Marshals to Serve the Defendant." (Mot., ECF No. 6.) As can be inferred from the title of the motion, Plaintiff seeks to have the Court order service of the Complaint on Defendant.

1 By way of this order, the Court is dismissing Plaintiff's Complaint. Accordingly, the motion
2 to serve the Complaint is denied. The Court shall order service only after the screening
3 process is completed.

### VI. ORDER

Plaintiff has failed to establish federal diversity jurisdiction. His action will be dismissed with leave to amend to enable him one more opportunity to attempt to state a cognizable claim or undertake to assert these claims against Defendant in state court.

Accordingly, it is HEREBY ORDERED that Plaintiff's Complaint is DISMISSED in its entirety without prejudice. Plaintiff will have thirty (30) days from the date of this Order to file an Amended Complaint. Failure to do so will result in dismissal of this action.

Plaintiff is hereby on notice that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Complaint, filed September 8, 2011, is DISMISSED for failure to state a claim upon which relief may be granted;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint;
3. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim; and
4. Plaintiff's motion to serve the complaint is DENIED. (Doc. No. 6.)

IT IS SO ORDERED.

Dated:     January 12, 2012            /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE

-10-