# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY DEMITRI BROWN,<br><br>            Plaintiff,<br><br>    v.<br><br>SUSAN LYNN BURY,<br><br>            Defendant.<br>_____/ | CASE NO.   1:11-cv-01520-LJO-MJS<br><br>ORDER DENYING MOTION TO RECONSIDER<br><br>(ECF No. 8) |

Plaintiff Timothy Brown ("Plaintiff") is a prisoner in the state of Texas proceeding pro se in this diversity action based on breach of contract and other related claims.

The Court screened Plaintiff's Complaint on January 12, 2012, found that it failed to establish federal diversity jurisdiction, and Plaintiff was given leave to file an amended complaint. (ECF No. 7.) Plaintiff was to file his amended complaint by February 13, 2012. (Id.) The February 13, 2012 deadline has passed, and Plaintiff has not filed an amended complaint or a request for an extension. Instead, on February 7, 2012, Plaintiff filed a motion for reconsideration. (ECF No. 8.)

Pursuant to Federal Rule of Civil Procedure 72(a), when reviewing a magistrate judge's order, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." See also

28 U.S.C. § 636(b)(1)(A); Local Rule 303. The assigned district judge may also reconsider any matter sua sponte. Local Rule 303(g).

Under the clearly erroneous standard of review, a district court may overturn a magistrate judge's ruling "'only if the district court is left with the definite and firm conviction that a mistake has been made.'" Computer Economics, Inc. v. Gartner Group, Inc., 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999) (quoting Weeks v. Samsung Heavy Indus. Co., Ltd., 126 F.3d 926, 943 (7th Cir. 1997)). Under the contrary to law standard, a district court may conduct independent review of purely legal determinations by a magistrate judge. Id.

Plaintiff does not claim that the order dismissing his claims was erroneously decided. Here, Plaintiff only asserts that if he can provide more information, his claims would satisfy the requirements of diversity jurisdiction. He has been granted an opportunity to present further factual contentions in his amended complaint. Plaintiff presents no facts or circumstances that merit reconsideration. The magistrate judge's order was not clearly erroneous or contrary to law.

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion for reconsideration, filed February 7, 2012, is DENIED.

IT IS SO ORDERED.

**Dated:   March 19, 2012**                    /s/ Lawrence J. O'Neill
                                                                    UNITED STATES DISTRICT JUDGE