# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY DEMITRI BROWN,<br><br>  Plaintiff,<br><br>  v.<br><br>SUSAN LYNN BURY,<br><br>  Defendant.<br>_____/ | CASE NO.   1:11-cv-01520-LJO-MJS<br><br>ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH COURT ORDER<br><br>PLAINTIFF MUST FILE AMENDED COMPLAINT BY APRIL 20, 2012 |

Plaintiff Timothy Brown ("Plaintiff") is a prisoner in the state of Texas proceeding pro se in this diversity action based on breach of contract and other related claims.

The Court screened Plaintiff's Complaint on January 12, 2012, found that it failed to establish federal diversity jurisdiction, and gave Plaintiff leave to file an amended complaint on or before February 13, 2012. (ECF No. 7.) February 13, 2012 has passed without Plaintiff having filed an amended complaint or a request for an extension.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's

1  failure to prosecute an action, failure to obey a court order, or failure to comply with local
2  rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for
3  noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)
4  (dismissal for failure to comply with an order requiring amendment of complaint);
5  Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of
6  prosecution and failure to comply with local rules).

7  Plaintiff has not properly responded to the Court's January 12, 2012 Order. The
8  February 13, 2012 deadline in the Order has passed. (ECF No. 12.) Nevertheless,
9  Plaintiff will be given one **final** opportunity, until no later than **April 20, 2012,** to file a
10  second amended complaint or show cause by that date why his case should not be
11  dismissed for failure to comply with a Court order and for lack of jurisdiction. **Failure to**
12  **meet this deadline will result in dismissal of this action.**

14  IT IS SO ORDERED.
15  Dated:   March 22, 2012                    /s/ *Michael J. Seng*
                                               UNITED STATES MAGISTRATE JUDGE