UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY DEMITRI BROWN,<br><br>            Plaintiff,<br><br>    v.<br><br>SUSAN LYNN BURY,<br><br>            Defendants.<br>_____/ | CASE NO.   1:11-cv-01520-LJO-MJS (PC)<br><br>FINDINGS AND RECOMMENDATIONS FOR DISMISSAL OF ACTION WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM WITHIN THE JURISDICTION OF THE COURT<br><br>(ECF NO. 10)<br><br>FOURTEEN (14) DAY DEADLINE |

    Plaintiff Timothy Brown ("Plaintiff") is a prisoner in the state of Texas proceeding pro se and in forma pauperis in this diversity action based on breach of contract and other related claims. (Compl., ECF No. 1.)

    The Court is required to screen all complaints brought by plaintiffs proceeding in forma pauperis. 28 U.S.C. § 1915(e)(2); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001).

-1-

The Court must dismiss a complaint or portion thereof if the action has raised claims that are legally "frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

The Court screened Plaintiff's Complaint on January 12, 2012, found that it failed to state a claim within the jurisdiction of the Court, and gave Plaintiff leave to file an amended complaint on or before February 13, 2012. (Order Dismiss Compl., ECF No. 7.) Plaintiff failed to file an amended complaint or request an extension by the February 13, 2012 deadline.

The Court then issued an Order to Show Cause Why the Case Should not be Dismissed on March 22, 2012 (Order to Show Cause, ECF No. 10), requiring that Plaintiff respond or file an amended complaint by April 20, 2012. Plaintiff was advised that failure to meet this deadline would result in the dismissal of his action. The April 20, 2012 deadline passed without Plaintiff filing any response or amended complaint.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831-32 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258,

1260-61 (9th Cir. 1992) (dismissal for failure to comply with court order); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors, (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving litigation and the Court's interest in managing its docket weigh in favor of dismissal. In these respects, the Court has a vast caseload before it and can not indulge Plaintiff's disregard of its orders and rules. The third factor, risk of prejudice to the Defendants, also weighs in favor of dismissal, since a presumption of injury arises from delay in resolving an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Given Plaintiff's non-responsiveness to the Court's earlier orders and his pro se and in forma pauperis status, "less drastic alternatives" other than those taken to date (i.e., repeated orders to Plaintiff to comply) do not exist and the ultimate sanction of dismissal is warranted. Malone, 833 at 132-33.

////////

Plaintiff's Complaint fails to state any cognizable claim within the Court's jurisdiction. He has failed to comply with the Court's orders and rules. No lesser sanction than dismissal is appropriate.

Accordingly, it is RECOMMENDED that this matter be DISMISSED WITHOUT PREJUDICE by the District Judge. These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   April 26, 2012              /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE